58 CCPA

**The UNITED STATES, Appellant,**

v.

**CONSOLIDATED INTERNATIONAL EQUIPMENT & SUPPLY CO.,**
**Appellee.**

**Customs Appeal No. 5387.**

United States Court of Customs and Patent Appeals.

April 29, 1971.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Susan C. Cassell, New York City, for United States.

Siegel, Mandell & Davidson, New York City, attorneys of record, for appellee, Joshua M. Davidson and Allan H. Kamnitz, New York City, of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and JONES, Judge, United States Court of Claims, sitting by designation.

PER CURIAM:

The single determinative issue in this appeal from the decision and judgment of the United States Customs Court, Second Division,[1] is whether that court was correct in determining that certain machines designated as "Multineg" or "step and repeat" machines were properly classifiable under the provision for "all

---

1. 63 Cust.Ct. 230, C.D. 3901, 327 F.Supp. 556 (1969). Familiarity with the lower court's opinion is presumed.

typesetting machines" in ¶1643 of the Tariff Act of 1930.

It is the primary contention of appellant that the common definition of the term "typesetting machine" and the legislative history behind ¶1643, *supra*, require that the term be interpreted to include only those machines which actually set or compose type.

Our consideration of the opinion below in light of the arguments of the parties and the authorities cited in their briefs, as well as the record and opinion of the Customs Court in Consolidated International Equipment and Supply Co. v. United States, 58 Cust.Ct. 329, C.D. 2978 (1967), has led us to conclude that the lower court's decision was correct and its judgment should be affirmed.

We agree in particular with the findings of the Customs Court that the involved machines embody a function which bears an essential resemblance to and is a technological advancement over the basic process of lithography, and with its holding that the rationale of our decision in Lanston Industries, Inc. v. United States, 49 CCPA 123, C.A.D. 807 (1962) thus requires that these machines be treated for tariff purposes as coming under the eo nomine provision designed to cover machines which carry out that process. The function of the lithographing process involves the setting of type by means of photo-composing on sensitized material. Since lithography was in existence on the date of enactment of the 1930 Act and clearly had to be included within the duty-free provision for "all typesetting machines" in ¶1643 of that act and since the involved machines "are used by the same trade, the same people, and for substantially the same purpose, *viz.*, the production of printing plates", it follows that they should also be entitled to classification under the provisions of that paragraph.

The judgment appealed from is affirmed.

Affirmed.